**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **PALACE FLOORS & REMODELING, INC.,** | § § § § § § § § § § § § | |
| *Plaintiff*, | | **Civil Action No. 4:16-cv-00715** |
| **v.** | | |
| **CLICK 4 CORP LLC and FLOORS TOUCH, INC.** | | **JURY TRIAL DEMANDED** |
| *Defendants*. | | |

## ORIGINAL COMPLAINT

Plaintiff Palace Floors & Remodeling, Inc. ("Palace Floors") files this complaint against Defendants Click 4 Corp LLC ("Click4Corp") and Floors Touch, Inc. ("FTI") and alleges as follows:

## PARTIES

1. Palace Floors is a corporation organized and existing under the laws of the State of Texas and having a principal place of business at 8930 State Highway 121, Suite 520, McKinney, Texas 75070.

2. On information and belief, Click4Corp is a limited liability company organized and existing under the laws of the State of Texas and having a principal place of business at 115 Richardson Ct, Allen, Texas 75002. Click4Corp may be served with process by serving its registered agent Mohamed S. Daka (also known as Mo Daka), at 747 Maxwell Creek Drive, Allen, Texas 75002, or wherever he may be found.

3. On information and belief, FTI is a corporation organized and existing under the laws of the State of Texas and having a principal place of business at 2045 N. Central

Expressway, Suite 790, McKinney, Texas 75070.  FTI may be served with process by serving Abraham Abunil (also known as Ibrahem Abunil, Ibrahim Abunil, or Ismail Abualneel), FTI's President, at FTI's principal place of business at 2045 N. Central Expressway, Suite 790, McKinney, Texas 7507, or wherever he may be found.  Alternatively, FTI may be served with process by serving Mr. Abunil, who is also FTI's registered agent, at his residence, which upon information and belief, is at 3017 Ruby Drive, Wylie, Texas 75098 or 3512 Ridge Glen Drive, Sachse, Texas 75048.

## JURISDICTION AND VENUE

4. This action for trademark infringement and unfair competition arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and the Texas common law.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367 and general principles of ancillary and pendent jurisdiction.

5. Personal jurisdiction over Defendants is proper because all Defendants reside in this judicial district, regularly conduct business in this judicial district, and utilize the infringing trademark at issue in this lawsuit in this judicial district.

6. Venue proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and Defendants are using an infringing trademark in this district.

## STATEMENT OF THE CLAIM

7. Plaintiff is the owner of the valid trademark, PALACE FLOORS ("Plaintiff's Trademark"), which Plaintiff has used since at least 2012 in connection with flooring and remodeling services and retail product sales of related goods.

8. Defendants have conspired to infringe Plaintiff's Trademark and unfairly compete with Plaintiff in violation of federal and Texas common law. As further set forth herein, Defendants have in the course, scope, and furtherance of their civil conspiracy registered the domain, www.palacefloorstx.com, operated a website using that domain, and offered and sold remodeling services, and engaged in retail product sales of related goods while using Plaintiff's Trademark. Defendants' use of Plaintiff's Trademark is without authorization.

9. As a result of Defendants' wrongful activities, Plaintiff seeks injunctive and monetary relief for (i) unfair competition and false designation of origin in commerce under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (ii) common law unfair competition under the laws of the State of Texas; (iii) unjust enrichment under the laws of the State of Texas. In addition, because Defendants conspired to unlawfully and unfairly compete with Plaintiff and deprive Plaintiff of the benefit of Plaintiff's goodwill and reputation and the benefits Plaintiff derives from Plaintiff's Trademark, Defendants should be held jointly and severally liable.

## FACTUAL BACKGROUND

10. On or about January 5, 2012, Plaintiff acquired a flooring and residential remodeling business then known as Tuscan Floors, Corp. ("Tuscan Floors"). Upon acquiring the business, Plaintiff decided to rebrand it by using the trademark, PALACE FLOORS.

11. As part of rebranding the business, Plaintiff hired Defendant Click4Corp, the website hosting and design firm that Tuscan Floors had previously employed to host its website, www.tuscanfloors.com, to secure a domain utilizing the trademark, PALACE FLOORS. Pursuant to Plaintiff's instruction, Click4Corp secured the domain, www.palacefloorstx.com, on Plaintiff's behalf and pointed the domain to Plaintiff's new website using that domain, which Click4Corp hosted.

12. After Click4Corp secured the domain, www.palacefloorstx.com, for Plaintiff on or around February 29, 2012, Plaintiff's new website could be publicly accessed using that domain.

13. Since making the decision to rebrand the business in 2012, Plaintiff has spent considerable time and resources promoting and operating under its PALACE FLOORS trademark, and has thus created significant goodwill in and public recognition of Plaintiff's Trademark.

14. Consumers rely on Plaintiff's Trademark to distinguish Plaintiff's goods and services from those provided or sold by others, including those of Plaintiff's competitors, such as Defendant FTI.

15. As a result of goodwill recognition, extensive sales, and advertising, Plaintiff's Trademark has become highly valuable.

16. Plaintiff is now and has been at all relevant times the sole and exclusive owner of all right, title, and interest in or to Plaintiff's Trademark and has not granted Defendants any license or permission to use or exploit Plaintiff's Trademark.

17. On or about the end of September 2014, Plaintiff terminated its services contract with Click4Corp. At that time, Plaintiff instructed Click4Corp that it was to stop hosting Plaintiff's website and to transfer to Plaintiff the domain, www.palacefloorstx.com, which Click4Corp had registered on Plaintiff's behalf. While Click4Corp stopped hosting Plaintiff's website, it did not transfer the domain to Plaintiff. Instead, without Plaintiff's knowledge, Click4Corp redirected the domain to point to www.floorstouch.com, the website of FTI, Plaintiff's competitor (the "FTI Website").

18. After learning of Click4Corp's wrongful activity, on October 17, 2014, Plaintiff filed a lawsuit against Click4Corp in the Justice Court, Precinct 3-1, of Collin County, Texas, to stop Click4Corp's redirecting of the domain to the FTI Website and for damages caused by Click4Corp's wrongful conduct (the "Small Claims Suit"). Plaintiff prevailed in the Small Claims Suit and was awarded a judgment for $1,116.00, which the Court entered on July 23, 2015. A copy of that judgment is attached hereto as Exhibit A.

19. After the conclusion of the Small Claims Suit, however, upon information and belief, Defendants conspired to intentionally create a fictitious website located at the domain, www.palacefloorstx.com, expressly using and exploiting Plaintiff's Trademark (the "Fictitious Website"). The offerings on the Fictitious Website mirror the goods and services Plaintiff offers on its legitimate website, www.palacefloorsdfw.com (the "Palace Floors Website") and those that FTI offers on the FTI Website. Representative webpages from the Fictitious Website, the Palace Floors Website, and the FTI Website are attached hereto as Exhibits B, C, and D, respectively.

20. The Fictitious Website lists the address for "Palace Floors of McKinney" as 2045 N. Central Expressway, #760 [*sic*], McKinney, Texas 75070, which is the same address as Defendant FTI's physical place of business and is listed on the FTI Website.

21. Upon information and belief, including publicly available "whois" website information, Defendant FTI's owner, Abraham Abunil, is the "registrant" for the Fictitious Website, and his company FTI is the "registrant organization," with FTI's actual website domain, www.floorstouch.com, being the email domain for "registrant email." Further, upon such information and belief, Defendant Click4Corp is the "admin organization" and "tech

organization" for the Fictitious Website, with Click4Corp's owner, Mohamed Daka, listed as both the "admin name" and the "tech name" for the Fictitious Website.

22. Defendants' use and operation of the Fictitious Website, including the use of Plaintiff's Trademark, PALACE FLOORS, in the domain name, www.palacefloorstx.com, and throughout the website, itself, are likely to cause, and are causing, confusion, mistake, and deception regarding the source, sponsorship and affiliation of the goods and services at issue amongst the consuming public to the harm of Plaintiff.

23. Defendants' use and operation of the Fictitious Website, including the use of Plaintiff's Trademark, PALACE FLOORS, in the domain name, www.palacefloorstx.com, and throughout the website, itself, constitutes unfair competition to the harm of Plaintiff.

24. Defendants' use of Plaintiff's Trademark, PALACE FLOORS, unjustly enriches Defendants at Plaintiff's expense.

25. Defendants' use of Plaintiff's Trademark, PALACE FLOORS, deprives Plaintiff of the ability to control the nature and quality of the goods and services provided under Plaintiff's Trademark and places Plaintiff's valuable reputation and goodwill wrongfully in the hands of Defendants.

26. Defendants lack good faith in adopting and continuing to use Plaintiff's Trademark. Defendants intentionally adopted Plaintiff's Trademark to capitalize on the goodwill associated with it. Defendants' intentional actions thus render the instant proceeding an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) and entitling Plaintiff to enhanced damages and attorney's fees.

27. Plaintiff has been and continues to be damaged by Defendants' activities and conduct. Defendants have profited thereby and, unless enjoined, Plaintiff's business, goodwill,

and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated solely by money damages.

## FIRST CAUSE OF ACTION

### Federal False Designation of Origin & Unfair Competition

28. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

29. The acts of Defendants complained of herein constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. In fact, Defendants' infringing activities extend so far as to involve the use of Plaintiff's Trademark as a primary domain name for Defendant FTI. As a result, Plaintiff respectfully requests transfer to Plaintiff of Defendants' domain names, including www.palacefloorstx.com, that incorporate terms infringing Plaintiff's Trademark.

31. As a result of Defendants' conduct, Plaintiff has been damaged and is entitled to damages including but not limited to Defendants' profits from the sale of all infringing goods and/or services, actual damages, enhanced damages, corrective advertising damages, costs of litigation, and attorney's fees.

32. As a direct and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. Without injunctive relief, Plaintiff has no means to control the continuing injury to its reputation and goodwill. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of its name, reputation, and goodwill through the false and unauthorized use of marks that are confusingly similar to Plaintiff's Trademark. Plaintiff is entitled to

injunctive relief prohibiting Defendants from further infringing upon Plaintiff's rights in Plaintiff's Trademark, including but not limited any use of Plaintiff's Trademark.

## SECOND CAUSE OF ACTION

### Common Law Unfair Competition

33. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

34. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## THIRD CAUSE OF ACTION

### Unjust Enrichment

35. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

36. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Plaintiff's expense in violation of the common law of the State of Texas.

## FOURTH CAUSE OF ACTION

### Civil Conspiracy

37. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

38. Defendants entered into a civil conspiracy to unlawfully and unfairly compete with Plaintiff and deprive Plaintiff of the benefit of Plaintiff's goodwill and reputation and the benefits Plaintiff derives from Plaintiff's Trademark.

39. By their conduct, Defendants have unlawfully traded on the goodwill and reputation of Plaintiff and Plaintiff's Trademark, damaging Plaintiff by way of lost profits and

damage to the goodwill and reputation of Plaintiff, as well as infringement of Plaintiff's Trademark.

40. Defendants are jointly and severally liable for damages incurred by Plaintiff in an amount which will be proven at trial. Defendants are further liable for the costs Plaintiff incurs in the prosecution of this action.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

(a) Defendants, their officers, directors, agents, servants, employees, attorneys and all those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from further infringing upon Plaintiff's rights in Plaintiff's Trademark, including but not limited any use of Plaintiff's Trademark;

(b) Defendants be required to deliver to Plaintiff's counsel for destruction, or show proof of destruction of, any and all items in Defendants' possession or control that bear Plaintiff's Trademark;

(c) Defendants be ordered to file with this Court and to serve upon Plaintiff, within 30 days after the entry and service on Defendants of each injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(d) Defendants be ordered to transfer the domain name, www.palacefloorstx.com, and all variations confusingly similar to Plaintiff's Trademark, to Plaintiff;

(e) Plaintiff recover all damages sustained as a result of Defendants' activities;

(f) An accounting be directed to determine Defendants' profits resulting from Defendants' activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(g) Plaintiff recover reasonable attorney's fees;

(h) Plaintiff recover enhanced and punitive damages and costs of this action, together with pre- and post-judgment interest; and

(i) Plaintiff recover such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Terrell R. Miller*
Terrell R. Miller
Attorney-in-Charge
Texas Bar No. 24046446
tmiller@gardere.com
Michelle Y. Ku
Texas Bar No. 24071452
mku@gardere.com
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-3106

**ATTORNEYS FOR PLAINTIFF
PALACE FLOORS & REMODELING, INC.**